FILED
FEB 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH McDUFFIE<br>5641 PURDUE AVENUE<br>BALTIMORE, MD. 21239<br>410-532-7725<br><br>Plaintiff<br><br>V<br><br>NORMAN Y. MINETA,<br>Secretary of Transportation<br>400 7th Street, S.W.<br>Washington, D.C. 20590<br><br>Defendant | CASE NUMBER 1:06CV00338<br><br>JUDGE: Ellen Segal Huvelle<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 02/27/2006 |

# COMPLAINT

**(Discrimination in Employment – Racial Discrimination and Retaliation)**

Plaintiff, JOSEPH McDUFFIE ("Plaintiff"), brings this action pursuant to **Title VII of The Civil Rights Act of 1964, 42 USC §2000e, et seq., (Pub. L. 88-352), as amended.** Title VII prohibits employment discrimination based on race, color, religion, sex and national origin, and retaliation for exercising protected rights to seek administrative redress under said Title VII (retaliation based on prior Equal Opportunity Commission activity).

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **42 USC §2000e-16(a) and (c)**.

2. Plaintiff at all times relevant to this Complaint and at the time of his discharge from Defendant's employment, was working for Defendant in the District of Columbia, and would

RECEIVED
FEB 09 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

have continued to work there, but for the unlawful and discriminatory acts of the Defendant. Accordingly, venue properly lies with the United States District Court for the District of Columbia.

3. Plaintiff has exhausted all applicable administrative remedies. A final decision that no discrimination occurred was rendered by the Equal Employment Opportunity Commission Office of Federal Operations on or about November 10, 2005 (Plaintiff's Attachment #1).

4. On or about November 14, 2005, the Equal Employment Opportunity Commission provided Plaintiff a "Right To Sue Letter" (Attachment #1, attached and incorporated herein).

## PARTIES

5. Plaintiff **JOSEPH McDUFFIE** (hereafter "**Plaintiff**" or "**McDuffie**") is a citizen of the United States, domiciled and residing in Baltimore City, Baltimore County, Maryland. At all times relevant to this Complaint up to and including April 1, 2004, he was an employee of the U. S. Department of Transportation working as a Community Planner (GS-0020-11) on the Metropolitan Planning and Programs Team (HEPM-10). McDuffie is African American and more than 41 years old.

6. Defendant **NORMAN Y. MINETA**, is the Secretary of the U.S. Department of Transportation. At all times relevant to this Complaint up to and including April 1, 2004, the U.S. Department of Transportation was Plaintiff's employer.

## FACTS

7. Plaintiff was employed by the U. S. Department of Transportation (hereafter "**DOT**") from March 1996, and at all times relevant to this Complaint was working as a Community Planner (GS-0020-11) on the Metropolitan Planning and Programs Team (hereafter "**HEPM-10**").

8. In February 2000, Plaintiff was requested to transfer to the Operations Division of the Metropolitan Planning and Programs Team with DOT and Plaintiff did so.

9. After transferring to HEPM-10, Plaintiff was subjected to discrimination based on his race (African American) by his immediate supervisors, Sheldon Edner and George Scheoner at HEPM-10.

10. Beginning in August 2000, both Sheldon Edner and George Scheoner in their respective capacities as Plaintiff's immediate 1st and 2nd level supervisors, intentionally subjected Plaintiff to continuous severe personal and professional criticism; unfairly constantly overloaded Plaintiff with a disproportionate amount of Team work; micromanaged his work and work production; singled Plaintiff out for embarrassing public criticism in front of his peers and professional colleagues on numerous occasions, thus causing him severe emotional distress, personal embarrassment and humiliation; subjected Plaintiff to racial slurs (often calling him "spade" and "coon"); continuously harassed him in the work place; intentionally created an intolerably hostile work environment for Plaintiff; unfairly restricted his medically related leave of absences; often wrongfully found him to be "AWOL" for permitted medical reasons and thereby penalized him with "docked" pay; unlawfully placed him on three (3) extended Performance Improvement Plans (hereafter "**PIPS**") in direct violation of the PIP regulations and procedures; unfairly suspended him for what they categorized as "excessive" leave, when Plaintiff sought needed medical treatment for work related conditions brought on by Edner and Scheoner's constant harassment and intentional disparate treatment.

11. As a direct and proximate result of Edner and Scheoner's intentional continuous unlawful harassment of Plaintiff in the workplace, Plaintiff suffered harmful stress and developed a medically impairing anxiety disorder, for which he sought medical and psychological treatment, and

of which Defendants were made aware.

12. These work induced ongoing anxiety disorder attacks often manifested themselves as sudden panic attacks, depression, inability to concentrate, unexplained sadness, bouts of crying, sleep pattern alteration, and general nervousness.

13. Plaintiff often sought medical treatment during this time, in an effort to protect his mental and physical health. Some of this treatment required Plaintiff to be away from his workplace during his scheduled work hours.

14. On or about January 22, 2001 and May 3, 2001, in an effort to remedy the stress and hostility to which he was constantly subjected to in his workplace by Defendants Edner and Scheoner, Plaintiff sought to exercise his protected rights to be free from disparate racially motivated treatment under Title VII of the Civil Rights Act of 1964, 42 USC §2000e, et seq., as amended, by filing a complaint with the Equal Employment Opportunity Commission. Plaintiff also wrote a letter to The Secretary of the U.S. Department of Transportation asking for a review of his work situation.

15. The Defendants Edner and Scheoner learned of Plaintiff's actions as stated in paragraph 14, above and intentionally and unlawfully retaliated against Plaintiff by placing him under severe workplace scrutiny; micromanaging his work flow and work product; overloading him with a disproportionate amount of TEAM work; cancelling his travel privileges; and speaking disparagingly to Plaintiff in the presence of his peers in order to demean, embarrass, and humiliate him.

16. Thereafter, Plaintiff's medical and psychological conditions worsened. Plaintiff sought treatment for these conditions.

17. Plaintiff believes and therefore alleges that on or about September 6, 2001, as a direct and proximate result of Plaintiff filing EEOC complaints against Defendants Edner and Scheoner,

4

Scheoner, Plaintiff's supervisor, unlawfully retaliated against Plaintiff in the presence of Pamela Waters, Plaintiff's civil rights counselor from the Federal Highway Administration (heareafter "FHWA"), by giving him a choice of resigning with six (6) months severance pay or being immediately terminated.

18. Defendants Edner and Scheoner further retaliated against Plaintiff by placing him on an extended period of suspension from November 13, 2001 until June 17, 2002. This unlawful action caused Plaintiff further stress, economic uncertainty and injury, and worsened Plaintiff's anxiety related symptoms, causing him further pain and suffering.

19. While Plaintiff was on extended leave and absent from his workplace from November 13, 2001 until June 17, 2002, Plaintiff's supervisor, Sheldon Edner retaliated against him for his protected Title VII activities by ordering, supervising, and assisting in the removal of and the disposal of Plaintiff's personal property (including work tools) from the office Plaintiff formerly occupied. This wrongful act injured Plaintiff in excess of $5,000.00.

20. Plaintiff's employment with DOT was wrongfully and unlawfully terminated on or about April 1, 2004.

COUNT I

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
(42 USC §2000e, et. seq.,(Pub. L. 88-352), as amended)

**(RACIAL DISCRIMINATION)**

21. The allegations set forth in Paragraphs 1 through 20 above are hereby incorporated by reference and re-alleged the same as if set forth verbatim in their entirety.

22. Defendant wrongfully terminated Plaintiff because of his race (African American) on or about April 1, 2004.

23. As an act of retaliation for filing complaints with the EEOC Defendant terminated Plaintiff's employment on or about April 1, 2004, in violation of 42 USC §2000e, et. seq., (Pub. L. 88-352), as amended.

24. As a direct and proximate result of Defendant's unlawful conduct as alleged above, Plaintiff has and will suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

25. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual under Title VII of the Civil Rights Act of 1964 (42 USC §2000e, et. seq., (Pub. L. 88-352)), as amended.

## COUNT II

## TERMINATION IN VIOLATION OF

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(42 USC §2000e, et. seq., (Pub. L. 88-352), as amended)

### (REPRISAL)

26. The allegations set forth in Paragraphs 1 through 25 above are hereby incorporated by reference and re-alleged the same as if set forth verbatim in their entirety.

27. Prior to his termination on or about April 1, 2004, Plaintiff had filed complaints, both formal and informal with the EEOC, alleging that he had been discriminated against by the U.S. Department of Transportation in violation of Title VII.

6

28. Defendant wrongfully terminated Plaintiff on or about April 1, 2004 in retaliation for his prior protected activity of filing said formal and informal complaints with the EEOC, in violation of 42 USC §2000e, et. seq., as amended.

29. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

30. Defendant's conduct was intentional, malicious, and reckless in violation of Plaintiff's federally-protected rights as a qualified individual under Title VII of the Civil Rights Act of 1964 (42 USC §2000e, et. seq., (Pub. L. 88-352), as amended).

**WHEREFORE, Plaintiff respectfully prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's wrongful actions violate Plaintiff's rights under Title VII of The Civil Rights Act of 1964, 42 USC §2000e, et. seq., (Pub. L. 88-352), as amended;

C. Award Plaintiff full back pay, front pay, and benefits to otherwise make him whole;

D. Award Plaintiff Damages in the sum of $300,000.00;

E. Award Plaintiff the sum of $5,000.00 as compensation for the wrongful conversion of his work related personal property with interest calculated from the time of conversion;

F. Award Plaintiff medical and doctors' fees of $10,000.00 incurred to date, and such a sum that will cover all Plaintiff's foreseeable medical needs related to Defendant's occasioned injuries;

G. Award Plaintiff reasonable Attorney(s) fees which total approximately to date $75,000.00;

H. Award Plaintiff costs and expenses of this action;

I. Order that the U.S Department Of Transportation expunge all derogatory disciplinary information in Plaintiff's personnel file and purge Plaintiff's personnel record of all injurious and derogatory information; and

K. Grant Plaintiff appropriate, additional or alternative relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

JOSEPH McDUFFIE
5641 PURDUE AVENUE
BALTIMORE, MD. 21239
410-532-7725

**In Propria Persona**