

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Joseph McDuffie,
Complainant,

v.

Norman Y. Mineta,
Secretary,
Department of Transportation,
Agency.

Appeal No. 01A54309

Agency No. 2-02-2019

Hearing No. 100-2002-08028X

DECISION

Complainant filed an appeal with this Commission concerning his complaint of unlawful employment discrimination. Complainant alleged that he was subjected to discrimination on the bases of race (African-American) and reprisal for prior EEO activity when:

1. Complainant was suspended for seven calendar days by correspondence dated July 5, 2001.
2. Complainant was placed on an extended Performance Improvement Plan (PIP) by correspondence dated September 5, 2001.
3. Complainant was continuously subjected to frequent criticism of complainant's work by management.
4. Complainant was issued a Notice of Proposed Removal dated November 13, 2001.
5. Complainant was suspended from May 27 to June 9, 2002.
6. Complainant was the victim of theft of personal property.

On March 18, 2005, an EEOC Administrative Judge (AJ) issued a decision without a hearing finding that there was no genuine issue of material fact in dispute, and concluded that complainant had not been discriminated against. Specifically, the AJ found the agency presented legitimate, nondiscriminatory reasons for its actions, which complainant failed to rebut. On May 9, 2005, the agency issued a decision finding no discrimination. The agency fully implemented the AJ's decision. Complainant now appeals from that decision.

06 0338 FILED

FEB 2 7 2006

Plaintiff's Attachment NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2D 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

We find that the agency articulated a legitimate, nondiscriminatory reason for its actions. Regarding claims 1 and 5, complainant's supervisor stated that complainant was suspended because he failed to follow instructions outlined in the leave restriction letter he had been issued in October 2000. As to claim 2, complainant's supervisor reported that he recommended complainant be placed on a PIP because complainant failed to meet the performance expectations of his job. Complainant's supervisor said that the PIP was extended several times in order to allow complainant to correct deficiencies. Regarding claim 3, complainant's supervisor stated that any criticism of complainant's work focused on the aspects over which he had control and its quality in relation to performance expectations. Complainant's supervisor claimed that he reviewed complainant's work and identified areas needing improvement and deficiencies requiring correction. With respect to claim 4, complainants's supervisor stated that he recommended complainant's removal because complainant continued to violate the terms of the leave restriction. The record reveals that the Deciding Official decided to reduce the proposed removal action to a fourteen day suspension. In relation to claim 6, the agency said that, during complainant's suspension, property was lost or stolen from complainant's office. The AJ found that complainant did not show that a management official was responsible for or allowed any theft.

The Commission finds that complainant has failed to rebut the agency's articulated legitimate, nondiscriminatory reason for its actions. Moreover, complainant has failed to show, by a preponderance of the evidence, that he was discriminated against on the bases of race or reprisal or that he was subjected to discriminatory harassment.

The agency's decision finding no discrimination is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

4                                                                01A54309

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

NOV 1 0 2005
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

NOV 1 0 2005
Date

*[signature]*
Equal Opportunity Assistant