THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MCDUFFIE,<br><br>    Plaintiff,<br><br>v.<br><br>NORMAN MINETA, Secretary,<br>U.S. Department of Transportation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civ. Action No.: 06-0338 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant Norman Mineta, Secretary, U.S. Department of Transportation ("DOT"), in his official capacity, hereby moves this Court for an order dismissing this case as untimely. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed order consistent with this motion is attached.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MCDUFFIE,                ) | |
| )| |
| Plaintiff,              ) | |
| ) | |
| v.                                           ) | Civ. Action No.:  06-0338 (ESH) |
| ) | |
| NORMAN MINETA, Secretary,     ) | |
| U.S. Department of Transportation,  ) | |
| ) | |
| Defendant.            ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER OR IN
THE ALTERNATIVE FOR SUMMARY JUDGMENT**

I.   **BACKGROUND**

Plaintiff Joseph McDuffie initiated this action on February 27, 2006, alleging that Defendant unlawfully discriminated against him based on his race and in reprisal for prior protected activity when Plaintiff was subjected to a hostile work environment and ultimately terminated.  Plaintiff's Complaint must be dismissed because he failed to file it within the required ninety-day period from the date he received the Equal Employment Opportunity Commission's ("EEOC") final decision.

At all times relevant to his Complaint, Plaintiff was employed by the United States Department of Transportation as a Community Planner on the Metropolitan Planning and Programs Team.  (Complaint "Compl." at ¶ 7).  In January and May, 2001, Plaintiff filed administrative complaints with the EEOC alleging discrimination.  (Compl.

at ¶ 14). On March 18, 2005, an EEOC Administrative Judge ("AJ") issued a decision finding no discrimination. (Compl. Attachment "Att." 1 at 1). The agency implemented the AJ's decision on May 9, 2005. (Id.).

Plaintiff appealed that decision to the EEOC, which rendered its final decision on November 10, 2005. (Id. at 3-4). The EEOC's decision informed Plaintiff that he had a right to file a civil action in the appropriate United States District Court within 90 calendar days from the day he received the Commission's order. (Id. at 3). Plaintiff admits to receiving the EEOC's decision "on or about November 14, 2005." (Compl. at ¶ 4; see Att. 1 at 4 (EEOC presumes that decision was received within five days of November 10, 2005)).

## II.    ARGUMENT

### Plaintiff's Complaint Must be Dismissed as Untimely

Title VII provides that civil actions must be filed "within 90 days of receipt of notice of final action taken by [the EEOC]." 42 U.S.C. § 2000e-16(c)(2005); see 29 C.F.R. § 1614.407 (2006). The 90-day requirement in not a jurisdictional bar, but a statute of limitations which may be subject to equitable tolling. Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C.Cir.1998); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). However, the Court may toll the statute of limitations only in "extraordinary and carefully circumscribed instances." Mondy, 845 F.2d at 1057. It is the plaintiff's burden to demonstrate facts supporting equitable tolling of the time period for filing suit. Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997).

Absent a showing of extraordinary circumstances, the 90-day limit for filing a complaint may not be extended by even one day. Anderson v. Local 201 Reinforcing Rodmen, 886 F.Supp. 94, 97 (D.D.C. 1995); see, e.g. Smith v. Dalton, 971 F.Supp. 1 (D.D.C. 1997) (dismissing suit filed 91 days after plaintiff received final agency decision).

In this case, the EEOC issued its final decision on November 10, 2005. (Compl. Att. 1 at 4). Plaintiff admits to receiving this decision on November 14, 2005. (Compl. at ¶ 4). However, without explanation of extraordinary circumstances that prevented timely filing, Plaintiff failed to initiate this action until 105 days after his receipt of the EEOC's final order. (See Compl.). Accordingly, Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

The Court should dismiss the Complaint in this case pursuant to Rule 12(b)(6) because it is untimely.

Respectfully Submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
KATHLEEN KONOPKA, D.C. BAR #495257
Assistant United States Attorney
555 Fourth Street, N.W., Room E4412
Washington, D.C. 20530

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion to Dismiss and Proposed Order has been made by mailing copies thereof to:

JOSEPH MCDUFFIE
5641 Purdue Avenue
Baltimore, MD 21239

on this ____day of April, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309