UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH MCDUFFIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0338 (ESH) |
| | ) | |
| NORMAN MINETA, Secretary | ) | |
| U.S. Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

DEFENDANT'S RULE 16.3(c)/ RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's May 17, 2006, order, undersigned counsel for Defendant spoke with Plaintiff pro se on May 17, 2006, and apprised him of the Court's order and the need for the parties to confer and report to the Court. During this phone conversation, undersigned made Plaintiff aware that she would be out of the office from May 25, 2006, until May 31, 2006, and thus, needed to file the report by May 24, 2006. Plaintiff indicated no objection to this time frame.

Undersigned offered to email a draft report to Plaintiff for his convenience and did so on May 18, 2006. In the email, undersigned requested that Plaintiff call her by Monday, May 22, 2006, to discuss the draft. When undersigned did not hear from Plaintiff on May 22, 2006, undersigned called him and asked to discuss the draft. Plaintiff indicated that he was not ready to do so. He refused to indicate if there were particular points of agreement or disagreement. Undersigned suggested that the parties speak on Tuesday, May 23, 2006, if Plaintiff was presently unable to do so. Plaintiff agreed and suggested a time of 3:30 p.m.

On May 23, 2006, at 3:30 p.m. undersigned called Plaintiff. Plaintiff indicated that he still required additional time. Undersigned asked if Plaintiff had particular problems with the report and suggested that they review each paragraph of the document in an effort to locate Plaintiff's sticking points. Plaintiff refused to discuss any aspect of the report and informed undersigned that, although he had suggested the particular time of their conference, he had a

business meeting to attend. Plaintiff indicated that he would not be ready to discuss the report on May 24, 2006, that he likely required an additional two weeks to prepare the report, and that undersigned could call him when she returned to the office. Undersigned reiterated to Plaintiff that the report was due prior to her return to the office.

Defendant has made all reasonable efforts to confer with Plaintiff in this matter, but Plaintiff has repeatedly indicated that he is not ready to do so and has refused to elaborate regarding particular problems with Defendant's draft report, to which he has had access for six days, or particular points of disagreement. While Defendant does not object if Plaintiff does, in fact, petition this Court for an additional two weeks within which to file a report with the Court, in light of the above-articulated circumstances, undersigned feels that it is incumbent upon her to file her report in compliance with the Rules and the Court's Order.

<u>Defendant's Statement of Case</u>

Plaintiff's claims before this Court apparently concern his allegation that he was discriminated against based on his race and subjected to retaliation for prior protected activity when he was terminated from employment with the Department of Transportation's ("DOT") Federal Highway Administration ("FHWA") on April 1, 2004. Defendant submits that Plaintiff has no claim under Title VII (42 U.S.C. § 2000e, <u>et</u> <u>seq.</u>).

First, Plaintiff's only administrative complaint of discrimination involves an allegation of a hostile work environment in 2000-2002 under a different supervisor than the one who ultimately proposed his removal in 2004. Thus, Plaintiff has failed to exhaust his administrative remedies as to his termination claims. 42 U.S.C. § 2000e-16(c). Moreover, Plaintiff chose to appeal his termination to the Merit Systems Protection Board ("MSPB") and ultimately settled his appeal by agreeing to resign in exchange for the Agency's expungement of the removal action from his personnel file. The MSPB dismissed Plaintiff's appeal on this ground, and this Court is without jurisdiction to review the MSPB's decision. 28 U.S.C. § 1295(a)(9) (exclusive jurisdiction to review MSPB final decisions rests with the Federal Circuit). Finally, Plaintiff's

removal was based on legitimate nondiscriminatory reasons.  See, e.g. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Defendant has not yet moved to dismiss Plaintiff's complaint on the above-stated grounds, because, while as currently structured, Plaintiff's complaint does not include the hostile work environment claim investigated at the administrative level, Plaintiff has included factual allegations regarding this claim and has attached the final decision rejecting this claim to his complaint.  Defendant will, however, move to dismiss the complaint in this case if Plaintiff does not amend his complaint to set forth the hostile work environment claim complained of at the administrative level and to withdraw the termination claims not properly before this Court.  (See proposed motions schedule below).  Defendant may raise additional defenses based on evidence disclosed during discovery and throughout litigation of this suit.

### Local Rule 16.3(c) Points

With regard to the numbered paragraphs of Local Rule 16.3(c), Defendant reports as follows:

1.    Defendant submits that all or part of this case may be resolved by dispositive motion.  If Plaintiff does not amend his complaint as indicated above within thirty days of the initial scheduling conference in this case, Defendant proposes to file a motion to dismiss within thirty days thereafter.  Defendant proposes that discovery should be stayed pending Plaintiff's amendment of his complaint.

2.    Defendant does not believe at this time that other parties will be joined.  However, Defendant does believe that the complaint will be amended and the factual and legal issues narrowed as specified above.

3.    Defendant does not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

4.    Defendant does not believe that there is a possibility of settling the case at this time.

5.      The case may benefit from the Court's alternative dispute resolution process or some other form of ADR; however, any form of ADR should be held in abeyance pending this Court's decision on Defendant's dispositive motion.

6.      Defendant proposes that, if Plaintiff fails to amend his complaint as specified above, Defendant's motion to dismiss should be filed within thirty days of the deadline set forth by this Court for him to do so.  Defendant further proposes that, should Plaintiff properly amend his complaint, the deadline for any dispositive motions and/or cross motions should be sixty days after discovery closes.  Any oppositions and replies should be filed in accordance with the Rules of this Court.

7.      Defendant proposes that Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) will be made 30 days after Plaintiff's amendment of his complaint.

8.      Defendant proposes that fact discovery will be completed in 120 days.

9.      Defendant proposes that it is unnecessary to modify the requirement of exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2). Defendant proposes that a decision on whether and when depositions of experts should occur will be held in abeyance pending the results of fact discovery.

10.     Not applicable.

11.     Defendant believes that it is unnecessary to bifurcate or manage the trial in phases.

12.     Defendant proposes that the Pretrial Conference be held thirty days after resolution of dispositive motions.

13.     Defendant proposes that the trial date be set at the Pretrial Conference.

14.     None.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, DC Bar #495257
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Rule 16.3(c)/Rule 26(f)

Report has been made by mailing copies thereof to:

JOSEPH MCDUFFIE
5641 Purdue Avenue
Baltimore, MD 21239

on this _____day of May, 2006

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309