UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH MCDUFFIE
5641 PURDUE AVENUE
BALTIMORE, MD 21239

Plantiff

V.

Civil Action No. 06-338 (ESH)

NORMAN Y. MINETA,
Secretary of Transportation
400 7th Street, S.W.
Washington, D.C. 20590

## ADMENDMENT TO COMPLAINT

### (Discrimination in Employment – Racial Discrimination and Retaliation)

Plaintiff, **JOSEPH MCDUFFIE ("Plaintiff")**, brings this action pursuant to Title VII of **The Civil Rights Act of 1964, 42 USC §2000e, et seq., (Pub. L. 88-352), as amended**. Title VII prohibits employment discrimination based on race, color, religion, sex and national origin, and retaliation for exercising protected rights to seek administrative redress under said Title VII (retaliation based on prior Equal Opportunity Commission activity).

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to **42 USC §2000e- 16(a) and (c).**

2. Plaintiff at all times relevant to this Complaint and at the time of his discharge from Defendant's employment, was working for Defendant in the District of Columbia, and would have continued to work there, but for the unlawful and discriminatory acts of the Defendant. Accordingly, venue properly lies with the United States District Court for the District of Columbia.

3. Plaintiff has exhausted all applicable administrative remedies. A final decision that no discrimination occurred was rendered by the Equal Employment Opportunity Commission Office of Federal Operations on or about November 10, 2005 (Plaintiff's Attachment #1).

4. On or about November 14, 2005, the Equal Employment Opportunity Commission provided Plaintiff a "Right To Sue Letter" (Attachment #1, attached and incorporated herein).

**PARTIES**

5. Plaintiff **JOSEPH McDUFFIE** (hereafter **"Plaintiff'** or **"McDuffie"**) is a citizen of the United States, domiciled and residing in Baltimore City, Baltimore County, Maryland. At all times relevant to this Complaint, he was an employee of the U. S. Department of Transportation working as a Community Planner (GS-0020-11) on the Metropolitan Planning and Programs Team (HEPM-10). McDuffie is African American and more than 41 years old.

6. Defendant **NORMAN Y. MINETA,** is the Secretary of the U.S. Department of Transportation. At all times relevant to this Complaint up to and including April 1, 2004, the U.S. Department of Transportation was Plaintiffs employer.

## FACTS

7. Plaintiff was employed by the U. S. Department of Transportation (hereafter **"DOT"**) from March 1996, and at all times relevant to this Complaint was working as a Community Planner (GS-0020-11) on the Metropolitan Planning and Programs Team (hereafter **"HEPM-10"**).

8. In February 2000, Plaintiff was requested to transfer to the Operations Division of the Metropolitan Planning and Programs Team with DOT and Plaintiff did so.

9. After transferring to HEPM-10, Plaintiff was subjected to discrimination based on his race (African American) by his immediate supervisors, Sheldon Edner and George Scheoner at HEPM-10.

10. Beginning in August 2000, both Sheldon Edner and George Scheoner in their respective capacities as Plaintiff's immediate 1st and 2nd level supervisors, intentionally subjected Plaintiff to continuous severe personal and professional criticism; unfairly constantly overloaded Plaintiff with a disproportionate amount of Team work; micromanaged his work and work production; singled Plaintiff out for embarrassing public criticism in front of his peers and professional colleagues on numerous occasions, thus causing him severe emotional distress, personal embarrassment and humiliation; subjected Plaintiff to racial slurs (often calling him "spade" and "coon"); continuously harassed him in the work place; intentionally created an intolerably hostile work environment for Plaintiff; unfairly restricted his medically related leave of absences; often wrongfully found him to be "AWOL" for permitted medical reasons and thereby penalized him with "docked" pay; unlawfully placed him on three (3) extended Performance Improvement Plans (hereafter **"PIPS"**) in direct violation of the PIP regulations and procedures; unfairly suspended him for what they

categorized as "excessive" leave, when Plaintiff sought needed medical treatment for work related conditions brought on by Edner and Scheoner's constant harassment and intentional disparate treatment.

11. As a direct and proximate result of Edner and Scheoner's intentional continuous unlawful harassment of Plaintiff in the workplace, Plaintiff suffered harmful stress and developed a medically impairing anxiety disorder, for which he sought medical and psychological treatment, and of which Defendants were made aware.

12. These work induced ongoing anxiety disorder attacks often manifested themselves as sudden panic attacks, depression, inability to concentrate, unexplained sadness, bouts of crying, sleep pattern alteration, and general nervousness.

13. Plaintiff often sought medical treatment during this time, in an effort to protect his mental and physical health. Some of this treatment required Plaintiff to be away from his workplace during his scheduled work hours.

14. On or about January 22, 2001 and May 3, 2001, in an effort to remedy the stress and hostility to which he was constantly subjected to in his workplace by Defendants Edner and Scheoner, Plaintiff sought to exercise his protected rights to be free from disparate racially motivated treatment under Title VII of the Civil Rights Act of 1964, 42 USC §2000e, et seq., as amended, by filing a complaint with the Equal Employment Opportunity Commission. Plaintiff also wrote a letter to The Secretary of the U.S. Department of Transportation asking for a review of his work situation.

15. The Defendants Edner and Scheoner learned of Plaintiff's actions as stated in paragraph 14, above and intentionally and unlawfully retaliated against Plaintiff by placing him under severe workplace scrutiny; <u>micromanaging</u> his work flow and work product;

overloading him with a disproportionate amount of TEAM work; cancelling his travel privileges; and speaking disparagingly to Plaintiff in the presence of his peers in order to demean, embarrass, and humiliate him.

16. Thereafter, Plaintiff's medical and psychological conditions worsened. Plaintiff sought treatment for these conditions.

17. Plaintiff believes and therefore alleges that on or about September 06, 2001, as a direct and proximate result of Plaintiff filing EEOC complaints against Defendants Edner and Scheoner, Scheoner, Plaintiff's supervisor, unlawfully retaliated against Plaintiff in the presence of Pamela Waters, Plaintiff's civil rights counselor from the Federal Highway Administration (heareafter "FHWA"), by giving him a choice of resigning with six (6) months severance pay or being immediately terminated.

18. Defendants Edner and Scheoner further retaliated against Plaintiff by placing him on an extended period of suspension from November 13, 2001 until June 17, 2002. This unlawful action caused Plaintiff further stress, economic uncertainty and injury, and worsened Plaintiff's anxiety related symptoms, causing him further pain and suffering.

19. While Plaintiff was on extended leave and absent from his workplace from November 13, 2001 until June 17, 2002, Plaintiff's supervisor, Sheldon Edner retaliated against him for his protected Title VII activities by ordering, supervising, and assisting in the removal of and the disposal of Plaintiff's personal property (including work tools) from the office Plaintiff formerly occupied. This wrongful act injured Plaintiff in excess of $5,000.00.

## COUNT I

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964** (42 USC §2000e, et. seq.,(Pub. L. 88-352), as amended)

**(RACIAL DISCRIMINATION)**

20. The allegations set forth in Paragraphs 1 through 19 above are hereby incorporated by reference and re-alleged the same as if set forth verbatim in their entirety.

21. As a direct and proximate result of Defendant's unlawful conduct as alleged above, Plaintiff has and will suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

22. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's federally-protected rights as a qualified individual under Title VII of the Civil Rights Act of 1964 (42 USC §2000e, et. seq., (Pub. L. 88-352)), as amended.

## COUNT II

### (RACIAL DISCRIMINATION AND RETALIATION)

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964** (42 USC §2000e, et. seq., (Pub. L. 88-352), as amended)

### (REPRISAL)

23. The allegations set forth in Paragraphs 1 through 22 above are hereby incorporated by reference and re-alleged the same as if set forth verbatim in their entirety.

24. Prior to his termination on or about April 1, 2004, Plaintiff had filed complaints, both formal and informal with the EEOC, alleging that he had been discriminated against by the U.S. Department of Transportation in violation of Title VII.

25. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

26. Defendant's conduct was intentional, malicious, and reckless in violation of Plaintiff's federally-protected rights as a qualified individual under Title VII of the Civil Rights Act of 1964 (42 USC §2000e, et. seq., (Pub. L. 88-352), as amended).

**WHEREFORE, Plaintiff respectfullly prays this Court to:**

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Declare that the Defendant's wrongful actions violate Plaintiff's rights under Title VII of The Civil Rights Act of 1964, 42 USC §2000e, et. seq., (Pub. L. 88-352), as amended;

C. Award Plaintiff full back pay, front pay, and benefits to otherwise make him whole; D. Award Plaintiff Damages in the sum of $300,000.00;

E. Award Plaintiff the sum of $5,000.00 as compensation for the wrongful conversion of his work related personal property with interest calculated from the time of conversion;

F. Award Plaintiff medical and doctors' fees of $10,000.00 incurred to date, and such a sum that will cover all Plaintiff's foreseeable medical needs related to Defendant's occasioned injuries; G. Award Plaintiff reasonable Attorney(s) fees which total approximately to date $75,000.00;

H. Award Plaintiff costs and expenses of this action;

I. Order that the U.S Department Of Transportation expunge all derogatory disciplinary information in Plaintiff's personnel file and purge Plaintiff's personnel record of all injurious and derogatory information; and

J. Grant Plaintiff appropriate, additional or alternative relief as this Honorable Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

**JOSEPH MCDUFFIE
5641 PURDUE AVENUE
BALTIMORE, MD 21239
(410) 532-7725**

**In Propria Persona**

6/13/06



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Joseph McDuffie,
Complainant,

v.

Norman Y. Mineta,
Secretary,
Department of Transportation,
Agency.

Appeal No. 01A54309

Agency No. 2-02-2019

Hearing No. 100-2002-08028X

### DECISION

Complainant filed an appeal with this Commission concerning his complaint of unlawful employment discrimination. Complainant alleged that he was subjected to discrimination on the bases of race (African-American) and reprisal for prior EEO activity when:

1. Complainant was suspended for seven calendar days by correspondence dated July 5, 2001.
2. Complainant was placed on an extended Performance Improvement Plan (PIP) by correspondence dated September 5, 2001.
3. Complainant was continuously subjected to frequent criticism of complainant's work by management.
4. Complainant was issued a Notice of Proposed Removal dated November 13, 2001.
5. Complainant was suspended from May 27 to June 9, 2002.
6. Complainant was the victim of theft of personal property.

On March 18, 2005, an EEOC Administrative Judge (AJ) issued a decision without a hearing finding that there was no genuine issue of material fact in dispute, and concluded that complainant had not been discriminated against. Specifically, the AJ found the agency presented legitimate, nondiscriminatory reasons for its actions, which complainant failed to rebut. On May 9, 2005, the agency issued a decision finding no discrimination. The agency fully implemented the AJ's decision. Complainant now appeals from that decision.

**Plaintiff's Attachment # 1**

2                                                                                                01A54309

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2D 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

We find that the agency articulated a legitimate, nondiscriminatory reason for its actions. Regarding claims 1 and 5, complainant's supervisor stated that complainant was suspended because he failed to follow instructions outlined in the leave restriction letter he had been issued in October 2000. As to claim 2, complainant's supervisor reported that he recommended complainant be placed on a PIP because complainant failed to meet the performance expectations of his job. Complainant's supervisor said that the PIP was extended several times in order to allow complainant to correct deficiencies. Regarding claim 3, complainant's supervisor stated that any criticism of complainant's work focused on the aspects over which he had control and its quality in relation to performance expectations. Complainant's supervisor claimed that he reviewed complainant's work and identified areas needing improvement and deficiencies requiring correction. With respect to claim 4, complainants's supervisor stated that he recommended complainant's removal because complainant continued to violate the terms of the leave restriction. The record reveals that the Deciding Official decided to reduce the proposed removal action to a fourteen day suspension. In relation to claim 6, the agency said that, during complainant's suspension, property was lost or stolen from complainant's office. The AJ found that complainant did not show that a management official was responsible for or allowed any theft.

The Commission finds that complainant has failed to rebut the agency's articulated legitimate, nondiscriminatory reason for its actions. Moreover, complainant has failed to show, by a preponderance of the evidence, that he was discriminated against on the bases of race or reprisal or that he was subjected to discriminatory harassment.

The agency's decision finding no discrimination is AFFIRMED.

3                                                                   01A54309

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

4  01A54309

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

NOV 1 0 2005
_____
Date

### CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

NOV 1 0 2005
_____
Date

*[signature]*
_____
Equal Opportunity Assistant

5641 Purdue Avenue
Baltimore, MD 21239

Honorable Ellen Segal Huvelle,

I am forwarding you the amended complaint of Plantiff Joseph McDuffie. If there are any questions, please do not hesitate to contact him at 410-532-7725.

*Let this be filed ESH 6/20/06*

Respectfully yours,

*Joseph McD*

Joseph McDuffie

In Properia Persona

6/13/06