UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH MCDUFFIE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0338 (ESH) |
| ) | |
| **NORMAN Y. MINETA, Secretary** ) | |
| **U.S. Department of Transportation** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S AMENDED ANSWER**

Defendant, Norman Y. Mineta, Secretary, United States Department of Transportation ("DOT"), by and through the undersigned counsel, hereby responds to Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

To the extent that the Complaint alleges actions and issues not timely brought to the Agency's Office of Civil Rights, Plaintiff has failed to appropriately exhaust his administrative remedies.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

To the extent that Plaintiff's claims incorporate his termination (see Complaint Count II), this Agency action was the subject of a settlement agreement before the Merit Systems Protection Board ("MSPB") in which Plaintiff agreed to resign in exchange for expungement of the removal action from Plaintiff's personnel file. Plaintiff never sought a final decision of the MSPB's

dismissal of his appeal on this ground, and this Court is without jurisdiction to review that decision of the MSPB. Thus, this matter is not properly before the Court.

Defendant further answers the numbered paragraphs of the Plaintiff's Complaint by denying the allegations contained therein except as expressly admitted as follows:

1. Defendant does not dispute that Plaintiff has initiated this suit pursuant to Title VII. Plaintiff's jurisdictional statement does not require a response.

2. Defendant denies except to admit that Plaintiff was previously employed within DOT's Federal Highway Administration (FHWA) in the District of Columbia. Thus, venue is not disputed.

3. Defendant denies that Plaintiff has exhausted his administrative remedies as to all aspects of his Complaint. Defendant does not dispute that the EEOC issued a decision as to Plaintiff's administrative complaint regarding a hostile work environment on November 10, 2005.

4. Admit.

5. Admit, but clarifies that Plaintiff worked in the FHWA Office of Metropolitan Planning and Programs until June 16, 2002, at which time he was reassigned to the Office of the Associate Administrator for Planning and Environment.

6. Admit, but clarifies that the events properly before this Court do not extend until April 1, 2004.

7. Admit except to clarify that Plaintiff's personnel records show that he began employment at DOT in March 1995, and that effective June 16, 2002 , Plaintiff was reassigned from the Office of Metropolitan Planning and Programs to the Office of the Associate

Administrator for Planning and Environment.

8. Denied, except to admit that effective September 26, 1999, Plaintiff was reassigned from the FHWA Environment and Operations Division to the Office of Metropolitan Planning and Programs. He left the Office of Metropolitan Planning and Programs effective June 16, 2002, and assumed a lateral position in the Office of the Associate Administrator for Planning and Environment.

9. Deny.

10. Denied, except to admit that Sheldon Edner and George Scheoner were Plaintiff's 1st and 2nd level supervisors, respectively, until June 16, 2002, when Plaintiff was reassigned. Under Edner and Scheoner, Plaintiff was placed on one Performance Improvement Plan, which was extended twice in an effort to provide Plaintiff with ample opportunity to improve his work performance.

11. Defendant denies any harassment of Plaintiff. Defendant is without sufficient knowledge to admit or deny information regarding Plaintiff's medical diagnosis or treatment.

12. Defendant is without sufficient knowledge to admit or deny information regarding Plaintiff's medical condition or symptoms.

13. Defendant lacks sufficient knowledge regarding Plaintiff's medical treatment or his motivations for seeking such treatment.

14. Denied, except to admit that Plaintiff sought informal EEO counseling with the DOT Office of Civil Rights on January 22, 2001 and May 3, 2001; he filed a formal complaint on November 16, 2001. Defendant admits that Plaintiff sent a letter to the Secretary of DOT dated May 7, 2001.

15. Deny.

16. Defendant lacks sufficient knowledge regarding Plaintiff's medical condition and treatment.

17. Deny.

18. Deny.

19. Deny.

20. Defendant realleges his responses to paragraphs 1-19.

21. Defendant denies any unlawful conduct. Defendant lacks sufficient knowledge to admit or deny allegations regarding Plaintiff's medical or mental condition.

22. Deny.

23. Defendant realleges his responses to paragraphs 1-22.

24. Defendant admits only to the extent that Plaintiff sought informal EEO counseling with the DOT Office of Civil Rights on January 22, 2001 and May 3, 2001 and filed a formal complaint on November 16, 2001. Plaintiff's termination was not the subject of this complaint and is not properly the subject of this litigation.

25. Defendant denies any unlawful conduct. Defendant lacks sufficient knowledge regarding Plaintiff's medical or mental condition.

26. Deny.

The remaining lettered paragraphs comprise Plaintiff's prayer for relief and do not warrant a response. However, Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court deny Plaintiff all relief requested and dismiss this action with prejudice.

                    Respectfully submitted,

                    _____
                    KENNETH L. WAINSTEIN, D.C. BAR #451058
                    United States Attorney

                    _____
                    RUDOLPH CONTRERAS, D.C. BAR #434122
                    Assistant United States Attorney

                    _____
                    KATHLEEN KONOPKA, D.C. BAR #495257
                    Assistant United States Attorney

Of Counsel:
Robin M. Fields, Esq.
Attorney Advisor
Office of Chief Counsel
Federal Highway Administration
400 Seventh Street, SW
Washington, DC 20590

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Amended Answer has been made by mailing copies thereof to:

JOSEPH MCDUFFIE
5641 Purdue Avenue
Baltimore, MD 21239

on this ____ day of July, 2006

 

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C. 20001
(202) 616-5309