UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| JOSEPH MCDUFFIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0338 (ESH) |
| | ) | |
| NORMAN Y. MINETA, Secretary, | ) | |
| U.S. Department of Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**DEFENDANT'S MOTION TO COMPEL, FOR AN AWARD OF EXPENSES,
AND TO EXTEND DISCOVERY**

Defendant moves pursuant to Fed. R. Civ. P. 37 to compel Plaintiff to appear and
participate fully at his own deposition on a date to be designated by counsel for Defendant.  In
addition, Defendant respectfully moves the Court for an order directing Plaintiff to pay the
amount of $180 incurred by the government for court-reporting expenses due to Plaintiff's failure
to appear for his scheduled deposition on November 16, 2006.  Finally, in light of the impending
closure of discovery on December 1, 2006, Defendant requests an appropriate extension of
discovery within which to take Plaintiff's deposition and complete any follow-up discovery
flowing therefrom.  In support of this motion, Defendant relies on the points and authorities
contained in the accompanying memorandum.  A proposed order consistent with this motion is
attached.

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 7.1(m), counsel for Defendant has
attempted to confer with Plaintiff in an attempt to resolve these issues without the Court's
intervention by phone and by email, but has yet to receive any response to five messages.

Dated: November 22, 2006

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar#498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar#434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, DC Bar#495257
Assistant United States Attorney
555 Fourth Street, N.W. - Room E-4412
Washington, D.C.  20530
(202) 616-5309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JOSEPH MCDUFFIE,                        )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )          Civil Action No. 06-0338 (ESH)
                                        )
NORMAN Y. MINETA, Secretary,            )
U.S. Department of Transportation,      )
                                        )
        Defendant.                      )
_____)


**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL, FOR AN AWARD OF EXPENSES,
AND TO EXTEND DISCOVERY**

Throughout this litigation, Plaintiff has only sporadically participated in the case or

complied with the Rules of this Court.  This lack of diligence culminated in his failure to appear,

without notice to counsel for Defendant, for his own deposition on November 16, 2006, causing

the government to incur costs for the appearance of the court-reporter.  Additionally, the

impending closure date of discovery and Plaintiff's complete unresponsiveness to undersigned's

phone and email messages on and subsequent to November 16, 2006, compels Defendant to

request an extension of discovery in this case so that Plaintiff's deposition can be taken and any

follow-up discovery pursued.  Accordingly, Defendant requests that this Court issue an order

compelling Plaintiff's presence and participation at his deposition, requiring Plaintiff to pay the

costs incurred by the government due to his failure to appear on November 16, 2006, and

extending discovery for a sixty-day period as to the Defendant to ensure ample time to complete

the Plaintiff's deposition and any follow-up discovery.

## I.    Facts

Plaintiff filed his complaint in the instant case alleging employment discrimination based on his race and in retaliation for prior protected activity on February 27, 2006.  (R.1).[1] Defendant answered Plaintiff's complaint on May 17, 2006.  (R.10).  On that same day, the Court issued an order setting the initial scheduling conference for June 6, 2006.  (R.11).  On May 24, 2006, Defendant was compelled to file a unilateral meet and confer statement because, despite undersigned's attempts, Plaintiff refused to discuss the statement with her on three occasions. (See R.12 for full explanation of events).  Plaintiff never filed a meet and confer statement.  On July 12, 2006, the Court issued a Scheduling Order closing discovery on December 1, 2006. (R.15).

On October 17, 2006, counsel for Defendant noticed Plaintiff's deposition for October 26, 2006.  Plaintiff notified undersigned by phone that he would not be able to appear for a deposition on October 26, 2006, because his father was ill in New Jersey.  At that time, Plaintiff and counsel for Defendant agreed to postpone Plaintiff's deposition until November 16, 2006. Undersigned sent Plaintiff a notice for this new date on October 20, 2006.

On November 14, 2006, Plaintiff emailed counsel for Defendant confirming his scheduled appearance for deposition on November 16, 2006.  On November 15, 2006, undersigned spoke with Plaintiff by telephone and provided him with directions and metro information regarding her office.

---

[1]    An "R." followed by a number describes a document by reference to its placement in the Court's docket.

On November 16, 2006, the court-reporter and agency counsel arrived at undersigned's office promptly in anticipation of the 10:00 a.m. deposition. When Plaintiff had not appeared by approximately 10:20 a.m., undersigned checked her voice mail and received a message from Plaintiff indicating that he was on Route 295 and was experiencing traffic delays. He noted that he was approximately one-half hour from the District of Columbia. This message curiously went on, however, to state that Plaintiff did not intend to appear for the deposition at any point that day, that he was returning to his residence, that counsel should call him at home to reschedule, and that he would prefer to do the deposition by telephone. Plaintiff gave no explanation for his decision to unceremoniously abort his attempts to reach the District and attend his deposition.

Undersigned immediately called the number provided in Plaintiff's message and notified him that the court-reporter was present and already being paid for his appearance. Thus, it was imperative that Plaintiff appear as quickly as he was able that day to proceed with the deposition. Plaintiff failed to respond to undersigned's message, or to three additional messages left for him that day. Counsel for Defendant subsequently called Plaintiff again on November 17, 2006, and emailed him. Plaintiff has failed to respond to any of undersigned's messages as of the date of this filing.

While the court-reporter was released as soon as it was clear that Plaintiff had no intention of appearing for his deposition, his company charges an appearance fee of $180. Thus, the government incurred this cost as a result of Plaintiff's failure to appear.

- 3 -

## II.    Argument

### A.    The Court Should Compel Plaintiff's Participation in His Deposition

A party is entitled to information sought in discovery as long as it is "relevant to the claim or defense of any party." See Fed. R. Civ. P. 26(b)(1). The term "relevant" is defined quite broadly: the information sought need not be admissible at trial, but must merely be "reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Wright & Miller, 8 Federal Practice & Procedure § 2008, at 108-09 (1994 & 1999 Supp.) ("[A] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.") (emphasis added). When such relevant information is improperly withheld by a party's failure to appear and answer questions propounded to him by oral examination, the Federal Rules of Civil Procedure authorize this Court to compel the party's presence and participation. Fed. R. Civ. P. 30, 37(a)(2)(B) & (d).

Here, the information sought by Defendant relating to Plaintiff's claims and allegations are plainly "relevant" within the meaning of Rule 26(b). Plaintiff's complaint makes broad, sweeping allegations of harassment, criticism, and even improper racial remarks without providing any specifics. Plaintiff has also alleged that he has suffered emotional and physical effects as a result of agency action. Clearly, Defendant has a right to explore the factual bases for the claims and for alleged damages through the oral examination of Plaintiff. In light of Plaintiff's unexplained absence at the previously scheduled date and his unresponsiveness to undersigned's communications since that time, an order of the Court is necessary at this stage to ensure that such examination takes place in this matter.

**B.      The Court Should Award Defendant His Out-Of-Pocket Expenses For the Missed Deposition**

The November 16, 2006, deposition date was scheduled in consultation with Plaintiff. Plaintiff was provided with written notice of this deposition on October 20, 2006.  On November 14 and 15, 2006, Plaintiff expressed his intention of appearing.  Relying on these communications, counsel for Defendant confirmed the appointment with the court-reporter, who appeared as scheduled on November 16, 2006.  The court-reporter's appearance fee is $180.

Without warning, Plaintiff failed to appear for his deposition.  While his voice mail message may have explained a tardy arrival, it failed to explain Plaintiff's decision to allegedly about-face and return home rather than continuing to proceed toward the District and his deposition appearance.[2]

With reference to this expenses, Rule 37 of the Federal Rules of Civil Procedure provides:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).  An award of expenses is clearly warranted here to remedy Defendant's incurrence of the court-reporter's appearance fee unnecessarily.   Plaintiff's message indicating that he may have been somewhat delayed by traffic evidences no substantial justification for his

---

[2]      Defendant uses the word "allegedly" because Plaintiff did not answer his home phone that day subsequent to leaving the voice mail message.  It is also of interest to note that this type of behavior on Plaintiff's part, namely, the regular use of inconsistent, incomplete, and untimely excuses for absences, is identical to that for which he was disciplined by his former employer and which forms much of the background for Plaintiff's suit.

- 5 -

failure to attend the deposition.  Accordingly, at a minimum, Plaintiff should be ordered to pay the expense ($180) incurred by Defendant for the court-reporter's appearance on November 16, 2006.  See Brown v. U.S. Elevator Corp., 102 F.R.D. 526 (D.D.C. 1984) (awarding expenses associated with problems in discovery).

## Conclusion

In conclusion, based on the entire record of this case, it is clear that Plaintiff has not fulfilled his responsibilities as a litigant in this Court.  Accordingly, Defendant respectfully requests that the Court issue an order compelling Plaintiff's appearance and participation at his deposition on a date to be designated by Defendant.  Defendant further requests an attendant extension of discovery to ensure that Plaintiff's deposition and any follow-up discovery flowing therefrom may be completed in the discovery period.  Additionally, Defendant respectfully moves the Court for an award of $180 to be paid by Plaintiff for expenses incurred by the government for the court-reporter's presence on November 16, 2006.

Dated: November 22, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4412
Washington, D.C.  20530
(202) 616-5309

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 22, 2006, I caused a true and correct copy of the

above and foregoing Defendant's Motion To Compel, For Expenses, and For An Extension of

Discovery, the accompanying memorandum, and proposed order to be sent by first class United

States mail, postage prepaid, marked for delivery to:


      Joseph McDuffie
      5641 Purdue Avenue
      Baltimore, MD 21239


      _____
      KATHLEEN KONOPKA
      Assistant United States Attorney
      (202) 616-5309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JOSEPH MCDUFFIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0338 (ESH) |
| ) | |
| NORMAN Y. MINETA, Secretary, ) | |
| U.S. Department of Transportation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**O R D E R**

UPON CONSIDERATION of the Defendant's motion to compel, for an award of expenses, and extension of discovery, any opposition thereto, any reply, and the entire record in this case, the Court finds that good cause exists for the motion, and it is

**ORDERED** that defendant's motion is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff will appear and participate in a deposition to be taken by counsel for Defendant on a date designated by Defendant; and

**IT IS FURTHER ORDERED** that Plaintiff file proof of payment to the government for the amount of $180 with the Court within ten (10) days of the date of this Order; and

**IT IS FURTHER ORDERED** that discovery in this matter is hereby extended as to the Defendant only for sixty days after the issuance of this order.

The Court cautions plaintiff that violation of this Order may result in the imposition of sanctions under Rule 37 of the Federal Rules of Civil Procedure, up to and including dismissal of his case.

**SO ORDERED.**

This the ____ day of _____, 2006.

_____
**UNITED STATES DISTRICT JUDGE**